### DEINS v McHARGUE

Ohio Appeals, 1st Dist, Hamilton Co

No 4173.  Decided Jan 23, 1933

Burns & Friedman, Cincinnati, for plaintiff in error.

H. P. Karch, Cincinnati, for defendant in error.

ROSS, PJ.

At the close of all the evidence the plaintiff in error moved for a dismissal and the motion was granted and judgment entered for the plaintiff in error.

The court made the following statement, which is somewhat indicative of the grounds for the verdict:

"There is no ambiguity about this guarantee. It says exactly what it is going to do. (He reads it). There is not anything in here that is not just as plain as the nose on your face. If you can recover in this case, then anyone can buy a car, and return it at any time he is dissatisfied with it and demand his money back. They got a cheap car and they got cheap parts. The only thing is to follow the contract. They did not do it. In the opinion of the court they are not entitled to recover. The motion of the defendant is granted. Judgment for the defendant."

The evidence is conclusive that the plaintiff in error did not perform his contract in failing to make good defective parts. If the plaintiff in error could with impunity ignore the presence of manifestly defective parts, he would be permitted to impose a fraud upon the customer. Such was not the intent the plaintiff in error desired the customer to understand from the language used in the contract.

The measure of the damages for the breach of the contract was all the damages which naturally flowed from a breach of the contract and a failure to replace necessary parts. These damages in the case may be the entire value of the automobile, which according to the evidence was wholly useless, by reason of the failure to replace defective parts.

It was a question of fact, however, as to what was the damage and what was the amount of the damages.

The Court of Common Pleas properly reversed the judgment of the Municipal Court of Cincinnati. The judgment of the ·Court of Common Pleas is affirmed, and the case is remanded through that court to the Municipal Court of Cincinnati for a new trial.

HAMILTON and CUSHING, JJ, concur.